## Commonwealth ex rel. Weaver v. Maroney

*Joseph Weaver*, p.p.

*A. J. DeMedio*, District Attorney, for respondent.

CARSON, P. J., April 10, 1962.—Joseph Weaver was charged at no. 137 and 137 A, 1950, in the Court of Quarter Sessions, Oyer and Terminer, Washington County, with burglary and larceny and assault with intent to kill. Following his plea of nolo contendere, testimony was taken, which appears as part of the records of the Clerk of Courts of Washington County, in order to establish beyond a doubt the identity of defendant. Upon this plea and testimony taken, sentence was made by the hearing judge as indicated in the records.

Petitioner filed in the Court of Common Pleas of Washington County at the above number and term, a petition for writ of habeas corpus, which petition does not conform to court rules nor to Pennsylvania Rules of Civil Procedure. However, the district attorney of Washington County answered the petition filed, following the issuance of a rule by the court returnable to September 25, 1961. On the date set for the return of the rule, no appearances were made in the court and it now appears that petitioner wishes to have the matter determined.

Upon consideration of the petition and answer filed in this case and the record of the plea and sentence filed in the Clerk of Courts Office for Washington County, the court is of the opinion that petitioner was given a fair hearing; that he was ably represented by a well qualified member of the bar of Washington County, who insisted upon the district attorney submitting a prima facie case even after the plea of nolo

contendere in order that the identity of the assailant could be established.

The reasons contended for by petitioner are reasons which would be grounds for a new trial or an appeal, but they cannot be raised on petition for discharge on a writ of habeas corpus. This writ cannot be used as a substitute for a motion for a new trial or for an appeal or for a writ of error. See Commonwealth ex rel. Jacoby v. Keenan, 24 D. & C. 2d 641 (1959), affirmed, 195 Pa. Superior Ct. 197.

The petition and record upon which it is based failed to make out a prima facie case for a writ. A hearing thereon being necessary and the petition without merit, the petition for the issuance of the writ of habeas corpus will be dismissed. See Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 494, and cases therein cited.

Wherefore, the following

*Order*

And now, April 10, 1962, the petition for allowance of writ of habeas corpus is dismissed by the court.